UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMBER N. WILLIAMS,

    Plaintiff,                                                 Civil Action No. 17-CV-13781

vs.                                                         HON. BERNARD A. FRIEDMAN

CAROLINE TRIMBLE, et al.,

    Defendants.
_____/

**OPINION AND ORDER GRANTING THE APPLICATION
TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE
COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION**

This matter is before the Court on the Court's own review of the docket. On November 21, 2017, Williams filed the instant complaint and application to proceed *informa pauperis*.

At the outset, the Court grants Williams's application to proceed *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may waive a person's filing fees if she shows that she is "unable to pay such fees." Here, Williams's affidavit shows that she makes approximately $13,000 a year and is attending school. Therefore, the Court finds her unable to pay the required filing fee.

Williams alleges that in late July, she was involved in a road-rage altercation with defendant Trimble. Allegedly, Trimble hurled racial epithets at Williams and attacked her. When the Clinton Township police officers arrived, Trimble told them that Williams had attacked her with a knife. The police arrested Williams, who was later criminally charged with assault with a dangerous weapon.

Williams asserts three claims: First, she believes that Trimble was disrespectful to her, causing her emotional and financial hardship. For this, she seeks an apology. Second, she

believes that the Clinton Township Police improperly arrested her and refused to complete a police report for her. For this, she wants all assault charges against her dropped. Third, she believes that her attorney is in cahoots with the prosecutor and seeks $1,500 in damages.

The Court lacks subject matter jurisdiction over Williams's claims. Her first and third claims do not arise under federal law, the amount in controversy is only $1,500, and Williams fails to allege the parties' citizenship. Consequently, the Court has neither federal question nor diversity jurisdiction over those claims. Williams's second claim has characteristics of a claim under 42 U.S.C. § 1983 claim. But as it stands now, the Court cannot reasonably infer defendant's liability from the alleged facts; and Williams's request for relief—that the assault charges be dropped—is beyond the Court's power to order. Pro se filings should be construed liberally, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), but the Court's liberality is not limitless.

Accordingly,

IT IS ORDERED that the application to proceed *in forma pauperis* is granted.

IT IS FURTHER ORDERED that Williams's complaint is dismissed for lack of subject matter jurisdiction.


Dated: December 7, 2017　　　　　　　　s/Bernard A. Friedman
　　　　Detroit, Michigan　　　　　　　　BERNARD A. FRIEDMAN
　　　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 7, 2017.

                s/Johnetta M. Curry-Williams
                Case Manager